## FARMERS' STATE BANK OF TEXHOMA et al. v. MELSON.

No. 10574—Opinion Filed March 14, 1922.

Rehearing Denied Dec. 12, 1922.

(Syllabus.)

**1. Judgment—Action to Amend Process After Three Years—Sufficiency of Petition.**

Where, in a legal action in the district court, a judgment is rendered against the defendant, reciting that the defendant appeared not but was in default, and that the court, having examined the pleadings and examined the service herein, finds that due and legal service of summons was had on the defendant, naming him, more than 42 days prior to the return date, advising him of the pendency of this action, as is required by law, by publication of notice of summons for three weeks in the G. H., a newspaper printed and of general circulation in T. county, Okla. Also, said notice notifying said defendant that judgment would be asked for in the attachment herein had on the following described tract of land, to wit: (describing the land); and gives judgment against the defendant for the amount of the plaintiff's debt and to sustain his attachment lien and orders the land sold to satisfy the same and that the sheriff make to the purchaser a deed, and decreeing that the said defendant, naming him, and all persons claiming under him be forever barred from a lien upon, right, title, interest, estate, or equity of, in, or to such lands, tenements, or any part thereof, and where the defendant, before the expiration of three years from the date of the judgment, filed in the district court in a separate action the instant case, which he denominates a suit in equity, to amend the affidavit for a summons by publication, and the notice of publication and the published proof thereof, and filed in said legal action, by striking from each certain parts thereof, and such was the only relief sought and the only relief granted by the trial court—held: (a) That such proceeding was wholly unauthorized; (b) that the petition setting up such a state of facts did not state a cause of action in favor of the plaintiff and against the defendant, and that the trial court should have sustained the demurrer of the defendant thereto; and (c) that the judgment of the trial court be reversed, and the cause remanded, with direction to the trial court to sustain the defendant's demurrer and dismiss the plaintiff's suit.

Error from District Court, Texas County; Frank Mathews, Assigned Judge.

Action by Thomas Melson against the Farmers' State Bank of Texhoma, and others to amend process, etc., in former action. Judgment for plaintiff, and defendants bring error. Reversed and remanded, with directions.

Embry, Johnson & Kidd and James Breslin, for plaintiffs in error.

John L. Gleason, for defendant in error.

JOHNSON, J. The petition in this case filed in the district court alleges, in substance, that the plaintiff was, during all times mentioned in the petition, the owner of the southeast quarter (S. E. ¼) of section thirty-three (33), in township one (1) north, range ten (10), E. C. M., and that sometime in the year 1913, the defendant, the Farmers' State Bank of Texhoma, instituted an action in the district court of Texas county, Okla., against the said plaintiff and another upon a promissory note against said defendants, and after the filing of the petition therein caused an order of attachment to issue and be levied upon said land; that thereafter, and prior to May 24, 1915, it caused a purported affidavit to obtain service by publication to be filed in said cause (the said affidavit as originally filed is set out in haec verba in the petition, and it shows that no allegation is contained in said affidavit showing that any land or other property has been attached nor in any way referred to or described any land so attached); that, further, and in pursuance of said affidavit, it caused a purported notice of publication to be published in the Guymon Herald, which notice of publication so published is set out in haec verba in the petition (said notice of publication contains no statement or reference to the attachment of any land or other property and describes no property whatsoever); that thereafter, and on the 24th day of May, 1915, it caused a purported judgment to be rendered in said cause and entered on the journals of said court, which purported judgment is set out in said petition; that said cause was numbered 1102; that thereafter, and after the rendition and entry of said purported judgment, said defendants caused the record and roll of said purported judgment to be mutilated and changed, in the following particulars, to wit, by adding to the purported affidavit to obtain service by publication so on file in said cause the following words:

"and for foreclosure of an attachment lien securing said sum upon the following described real estate lying and being in Texas county, Oklahoma, to wit: The southeast quarter (S. E. ¼) of section thirty-one (31) in township one (1) north, range ten (10) E. C. M."

—that prior to the entry of said purported judgment said plaintiff had caused to be filed in said cause an affidavit of publication of the notice of publication by the publisher of the Guymon Herald, which affidavit showed proof of the publication of said notice of publication in its true and original condition; that after the rendition of said judgment it caused said affidavit of publication to be mutilated and changed by tearing off that portion of the affidavit which showed the true notice of publication published, and by attaching thereto in its place a false and spurious copy of the notice of publication published; that the spurious copy so wrongly attached to the affidavit contained a description of the property attached and a statement that said property had been attached.

The petition further stated that under said purported judgment said land was sold at sheriff's sale and purchased by the defendant Terry, who in turn executed a mortgage to the defendant Buettell, and another mortgage to the defendants Foster and Cosby, and thereafter executed a deed to the defendant Cushman, all of which mortgages and deeds, including the sheriff's deed, were placed of record in the office of the county clerk of Texas county, Okla.; and the petition prayed for a decree of the court striking out the false and spurious portions of the affidavit of publication so filed which had been wrongfully added thereto after judgment, and further striking from the files the false and spurious purported copy of the notice of publication attached to the affidavit of publication which had been so wrongfully attached.

Each and all of the defendants appeared in said cause and filed their answers, denying each and every allegation of the plaintiff's petition, and, further, asking for affirmative relief from the court in the matter of quieting their title as against the plaintiff and all persons claiming under him.

To the answers of the defendants, the plaintiff filed a reply by way of general denial.

At the conclusion of the trial the court rendered the following judgment:

"Thereupon the court finds generally in favor of the plaintiff. It is therefore ordered and adjudged that all the allegations of the plaintiff's petition are true.

"It is further ordered and adjudged that record of cause No. 1102 of the district court of Texas county, Okla., entitled Farmer's State Bank of Texhoma, Oklahoma, plaintiff, v. Thomas Melson and Charles A. Austin, defendants, be amended by striking therefrom the printed clipping from the newspaper attached to the affidavit of publication of notice of summons.

"It is further ordered and adjudged that the notice of publication of summons issued and filed in said cause No. 1102 of the district court of Texas county, Okla., be corrected by striking therefrom the following words and figures, to wit: 'Foreclosing said attachment lien upon the southeast quarter of section thirty-three, township one north, range ten west of the Cimarron Meridian (S. E. ¼ of 33-1 N-10 E. C. M.). And by further striking therefrom the word 'accordingly' where it appears in the seventh line of body of said notice of publication.'

"It is further ordered and adjudged that the clerk be directed to and he is hereby directed to make the corrections herein ordered to be made in said cause No. 1102 of the civil causes of the district court of Texas county, Okla.

"It is further ordered and adjudged that the costs of this action be taxed against the defendants."

To reverse the foregoing judgment, this proceeding in error was commenced.

The plaintiffs in error have made numerous assignments of error, and have argued the same in their brief under four subheads, which are as follows:

"1. The evidence, exhibits 1, 2, 3, and alleged copies of publication notices contained in files of the Historical Society were improperly admitted in evidence over the objection of defendants for the reason hereinbefore alleged.

"2. That plaintiff's petition in the instant case was not verified, and did not allege a defense to the main action, and the court erred in rendering any judgment thereon.

"3. The findings and judgment of the court are not sustained by the evidence, but are contrary to the evidence and conrary to law.

"4. That the court erred in rendering judgment for plaintiff against the defendants Ezra Cushman, C. F. Foster, G. W. Cosby and Emma Buettell, innocent owners and encumbrancers for value, and erred in not rendering judgment for them."

"5. The court erred in overruling motion for new trial."

That the scope of the inquiry presented to the court may be narrowed to its proper limits, we quote from the defendant in error's brief the following:

"2.

"Plaintiffs in error complain that the petition was not verified and did not allege a defense to the main action. The defendant concedes that, measured by the requirements of section 5267 or section 5274, R. L. 1910, plaintiff's petition is insufficient and if this was a proceeding under either of said sections the proceedings are insufficient. It is sufficient to say, however, that the defendant in error, who will hereinafter be referred to as the plaintiff, did not intend to proceed under either of said sections.

"3.

"Plaintiffs in error contend that this is a proceeding to avoid or escape or to amend a judgment, and their argument is largely based upon this assumption.

"It is urged that, viewed as an equitable action for the purpose of removing a cloud from the title of the plaintiff and for quieting the title of the plaintiff, the petition is insufficient and subject to demurrer, and the evidence is insufficient because it fails to show either that the land was vacant or that the plaintiff was in possession of said land.

"While it is not conceded that this action falls under either of said classifications, yet it is suggested that, even though it be construed to be an action to quiet title or to remove a cloud from the title, the defendants are precluded from raising that objection at this time, for the reason that in their answer filed herein they have waived such objection by praying for affirmative relief.

"4.

"If this was an action to avoid or set aside a judgment, voidable because of fraud, or voidable because of some defect not appearing on the face of the record. defendant's argument would in a large part be applicable. But the authorities cited by defendants concerning an attack upon a judgment, because of fraud in its obtaining, or because of some latent defect not appearing upon the face of the judgment roll, are in no way applicable to the instant case. Of the conduct of the plaintiff in cause No. 1102, either before the commencement of that action, or after its commencement and up to and including the time of the rendition and entry of the purported judgment, no word of complaint is made in the plaintiff's pleadings. nor does the proof show or tend to show conduct on its part other than the most correct. But the proceedings alleged and shown to have been taken at that time, as evidenced by the judgment roll as it stood at the time of and immediately after the rendition of said purported judgment, showed on its face that no judgment was obtained. or, to say the same thing in another way, said acts and proceedings so shown to have been taken in said cause up to and including the rendi-

tion of the purported judgment, as evidenced by the judgment roll itself, in its true and original state, show that the purported judgment was void on its face, first, because neither the affidavit of publication nor the notice of publication which was published contained any statement that any property had been attached, nor did they or either of them show or attempt to show any description of the land in controversy; second, because it failed to show any service of summons on the defendant in said action, or any appearance therein by him.
* * *

"The judgment, being void on its face, is subject to be set aside at any time on motion of any person interested or on motion of the court itself. In fact, no motion or order or other proceeding was necessary, because the judgment on its face carried the conclusive evidence of its own impotence.

"If we have correctly analyzed the situation thus far, it may be stated that up to the time of the making of the spurious addition to the affidavit for publication and to the affidavit of publication by the publisher, to all the world the condition of the plaintiff's title to the land described was as though no such had ever been filed against him. In so far as the action of the court had in cause No. 1102 was concerned, plaintiff's title had not been affected, detrimentally or otherwise.

"No word of complaint against any action of the court will be found in the plaintiff's pleading, nor in the evidence. If the defendants or whoever was responsible for the spoilation of the record had not taken a hand in the proceedings, plaintiff would not have been injured, and this action would not have been filed. The only thing complained of by the plaintiff is the spoilation of the records, or, to put it another way, the false, unauthorized, and unlawful creation of a pretended judicial record by the defendants or some person other than the plaintiff, of which false judicial record so created the defendants are alleged and shown to be taking advantage, and they now claiming the benefits and advantages of such false judicial record so created, cannot deny responsibility therefor."

These admissions of counsel make it quite clear that in the instant case the plaintiff did not seek to attack the judgment rendered in cause No. 1102 in any of the ways and manners provided by law or in equity. In other words, the suit of the plaintiff was not intended as an attack upon the judgment. No such relief was asked by the plaintiff in his petition, nor was any such relief granted by the trial court by its judgment. The relief sought by the plaintiff was admittedly that of having amended the affidavit for summons by publication, the notice of summons by publication, and the proof of publication of such notice on file

in cause No. 1102, by striking from each certain parts thereof, which the plaintiff alleged in his petition were added by or at the instance of the plaintiff in case No. 1102 after the rendition of the judgment by the court in said cause, and after the sale of the land involved.

The trial court granted a part of the relief sought, as follows:

"It is further ordered and adjudged that record of cause No. 1102 of the district court of Texas county, Okla., entitled 'Farmers' State Bank of Texhoma, Oklahoma, Plaintiff, v. Thomas Melson and Charles A. Ausin, Defendants,' be amended by striking therefrom the printed clipping from the newspaper attached to the affidavit of publication of notice of summons.

"It is further ordered and adjudged that the notice for publication of summons issued and filed in said cause No. 1102 of the district court of Texas county, Okla., be corrected by striking therefrom the following words and figures, to wit: 'Foreclosing said attachment lien upon the southeast quarter of section thirty-three, township one north, range ten east of the Cimarron Meridian (S. E. ¼ of 33-1 N.-10 E. C. M.); And by further striking therefrom the word 'accordingly' where it appears in the seventh line of body of said notice of publication."

And the court, by said order, directed the clerk of the court to make the corrections herein ordered to be made in said cause No. 1102. But the trial court made no order in the judgment affecting the affidavit for summons by publication, but the same was left intact.

With these amendments made by the clerk as ordered by the court, counsel for defendant in error say in their brief, in substance, that the purported judgment was void on its face, first, because neither the affidavit of publication nor the notice of publication which was published contained any statement that any property had been attached, nor did they or either of them show or attempt to show any description of the land in controversy; second, because it failed to show any service of summons on the defendant in said action or any appearance therein by him. That does not affect, they say, the judgment in cause No. 1102, as rendered and approved by the trial court, and the files in the record before amended were regular upon their face, the judgment roll, therefore not subject to collateral attack, but as now amended by order of the court in the instant case the judgment in cause No. 1102 is void upon its face and may be set aside at any time on motion of any party to the judgment or person interested therein.

The position of counsel, it seems to us, is untenable. The judgment rendered by the trial court in the instant case is absolutely barren of results. The judgment of the court in cause No. 1102 has become final and remains intact as rendered by the trial court, and cannot now, after a lapse of three years, be legally attacked. Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681, and cases therein cited, wherein this court said:

"Relief based on evidence dehors the record may be had against a judgment rendered without service of process, under the third division of section 5267, Rev. Laws 1910, empowering the court to vacate or modify its own judgment or orders at or after the term at which such judgment or order was made, on account of 'irregularity in obtaining a judgment or order.' Such motion, under section 5274, Rev. Laws 1910, must be presented within three years after the rendition of the judgment or order."

And this court further held in said case that this remedy is exclusive during the period of three years, unless there be special reasons in the particular case where the statutory remedy is inadequate.

The record discloses that the judgment in cause No. 1102 was rendered on the 24th day of May, 1915, and that the petition in the instant case was filed February 15, 1918. From this it is clear that at the institution of this sui, if the plaintiff in the instant action felt himself aggrieved at the judgment in cause No. 1102 or any of the proceedings had prior to the rendition of the same and leading up thereto, or the action of the plaintiff subsequent to the rendition of the judgment and prior to and at the time of the institution of the instant case, he had, as we have shown, a plain, adequate, and speedy remedy at law, and therefore, under every rule of equity, he was precluded from going into a court of equity to attack, directly or otherwise, such judgment or proceedings had in relation to the same. Therefore, the petition of the plaintiff in the instant case failed to state a cause of action in favor of the plaintiff and against the defendants, and the trial court should have sustained the demurrer of the defendants thereto and dismissed the plaintiff's suit.

The judgment of the trial court is therefore reversed, and the cause remanded, with direction to dismiss the plaintiff's suit, and render judgment in favor of the defendants for all costs incurred herein.

HARRISON, C. J., and KANE, MILLER, and KENNAMER, JJ., concur.